IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MONTANA
MISSOULA DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, | CR 20–19–M–DLC |
| Plaintiff, | |
| vs. | ORDER |
| RAMUS LEO REDFOX, | |
| Defendant. | |

Before the Court is Defendant Ramus Leo Redfox's Motion for Early Termination of Supervision. (Doc. 63.) The United States defers to the Court's discretion. (*Id.* at 2.) United States Probation Officer Jessica Simonsen "fully support[s] early termination of [] supervision." (*Id.*) For the reasons below, the Court grants the Motion.

**Background**

On January 12, 2021, Defendant was sentenced for conspiracy to distribute cocaine, in violation of 21 U.S.C. § 846 and 21 U.S.C. § 841(b)(1)(A). (Doc. 57.) The Court sentenced Defendant to a custodial term of 36 months, followed by five years of supervised release. (*Id.* at 2–3.) Defendant began serving his term of supervised release on August 30, 2022. (Doc. 64 at 3.)

**Discussion**

A court may "terminate a term of supervised release . . . at any time after the expiration of one year of supervised release . . . if it is satisfied that such action is warranted by the conduct of the defendant released and the interest of justice." 18 U.S.C. § 3583(e)(1). In determining whether to terminate a term of supervised release, courts consider the factors set forth in 18 U.S.C. § 3553(a). 18 U.S.C. § 3564. These factors include:

> (1) the nature and circumstances of the offense and the history and characteristics of the defendant; (2) deterrence; (3) protection of the public; (4) the need to provide the defendant with educational, vocational training, medical care or other rehabilitation; (5) the sentence and sentencing range established for the category of defendant; (6) any pertinent policy statement by the Sentencing Commission; (7) the need to avoid unwarranted sentence disparities among defendants with similar records who have been found guilty of similar conduct; and (8) the need to provide restitution to any victims of the offense.

*United States v. Smith*, 219 F. App'x 666, 667 (9th Cir. 2007) (unpublished).

Defendant has served approximately 36 months of supervision, so he is eligible for early release. Defendant argues that the § 3553(a) factors support early release because—despite significant hardships—Defendant has maintained his sobriety. (Doc. 63 at 10–11.) Defendant has also maintained fulltime employment at Taco John's and has been promoted twice. (*Id.* at 11.) The General Manager describes Defendant as a "valuable asset," "dependable," and "very trustworthy."

(Doc. 65-6.) Defendant has also made the effort to mend relationships with friends and family. (Doc. 64 at 14.) Defendant's friend, Courtney Clement, describes Defendant as "a positive role model to others" due to his continued sobriety and strong work ethic. (Doc. 65-3.)

Based on Defendant's commitment to sobriety and his consistent employment, the Court believes Defendant can live a productive and law-abiding life without the supervision of the Court.

Thus, in weighing "the nature and circumstances of the offense" against the "characteristics" of Defendant, along with the need to promote "deterrence" and "protect the public," the Court agrees with Defendant that continued supervision is no longer necessary.

Accordingly, IT IS ORDERED that Defendant's Motion (Doc. 63) is GRANTED. Ramus Lee Redfox's term of supervised release is TERMINATED as of the date of this Order.

DATED this 5th day of August, 2025.

_____
Dana L. Christensen, District Judge
United States District Court